**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**JOSHUA FIKES,**
Inmate No. A526828
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

Plaintiff,

-vs-

**DUSTIN SMITH,**
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

**MICHELLE OSBORN**
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

**MARK BAKER**
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

**WILLIAM SIDLE**
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

**JEFF CRANMER**
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

Defendants.

Case No. 3:26 CV 2174

JUDGE HELMICK

MAG JUDGE CLAY

**Complaint**

FILED
SEP 08 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## INTRODUCTION

1. Plaintiff, Joshua Fikes, pro se, hereby brings this civil rights action pursuant to 42 U.S.C. § 1983 against the individual Defendants Dustin Smith, Michelle Osborn, Mark Baker, William Sidle, and Jeff Cranmer, in their individual capacities for multiple pieces of his legal mail being opened and copied outside of his presence in violation of his First Amendment rights to the United States Constitution.

2. Fikes is an inmate at the Marion Correctional Institution ("MCI") of the Ohio Department of Rehabilitation and Correction ("ODRC"), identified as inmate No. A526828, located in housing unit M-32A.

3. Defendant, Dustin Smith ("Officer Smith") is an ODRC employee of MCI, who works as a Mail Clerk/Screener in handling inmate incoming mail in the exterior ("outside") mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2).

4. Defendant, Michelle Osborn ("Officer Osborn") is an ODRC employee of MCI, who was demoted to handling inmate incoming mail in the outside mailroom.

5. Defendant, Lieutenant Mark Baker ("Lt. Baker") is an ODRC employee of MCI, who works as the mailroom supervisor.

6. Defendant, William Sidle ("Officer Sidle") is an ODRC employee of MCI, who temporarily handled inmate incoming mail in the outside mailroom in the absence of Officer Osborn.

7. Defendant, Jeff Cranmer ("Officer Cranmer") is also an ODRC employee of MCI, who was demoted to handling inmate incoming mail in the outside mailroom on or about November 4, 2025.

8. ODRC's policy 75-MAL-01(VI)(B)(2), (4), (5), effective February 1, 2025, states in relevant part that:

> 2. All incoming mail, except legal mail, shall be processed in an area located outside of the facility or in an area of the facility designated by the managing officer and approved by the appropriate regional director to minimize possible exposure. Each item shall be opened and processed under a ventless hood system designed to prevent exposure of staff to potentially hazardous substances and contamination of the area.
>
> ...
>
> 4. All incarcerated population mail, other than legal mail, shall be opened, and may be read, copied, and/or scanned in the institution mail room or processing center (OMPC) and inspected for the presence of cash, checks, money orders, and/or other contraband....
>
> 5. All mail shall be removed from the envelope. All first-class letters, front of envelopes, pictures, greeting cards, and brochures...will be copied and/or scanned into an electronic format. The front of the envelope shall be copied in such a way to preserve the return address and attached to the contents. The remainder of the envelope shall be discarded. Items received in color will be copied in color and black & white items will be copied as black & white.... All [incarcerated persons] may choose to have photographs, whether professionally produced, sent to another address at their expense. The original photograph(s) will otherwise be destroyed at the end of the 30-day holding period. Incoming mail will be held for thirty (30) days before it is destroyed.

9. ODRC's former policy 75-MAL-01(IV) defines "Legal Mail" as "[m]ail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the Correctional Institution Inspection committee (CIIC)" and states that "[i]t may be opened and inspected for contraband only in the presence of the inmate-addressee. Postcards from a court of law indicating fees and/or fines owed are not considered legal mail."

10. Ohio Administrative Code 5120-9-17(B), effective April 8, 2022, states in relevant part:

> (1) All mail, including electronic mail, other than legal mail, shall be opened and may be read or copied in the institution mail office and inspected for the presence of contraband, unauthorized forms of funds, and other threats to the security and

> safety of the institution. The written portion of the mail shall then be promptly delivered to the inmate unless withheld in accordance with paragraph (G) of this rule.
>
> (2) "Legal mail" is mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee that is marked with a valid control number provided by the department. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-address. If mail is received from any of the groups listed in this paragraph without a valid control number, then it may be treated as regular, non-legal mail, as set forth in paragraph (B)(1) of this rule....

11. On March 30, 2023, via the prison's electronic kite system on a kiosk provided by JPay.com ("JPay"), Fikes sent a request to MCI's mailroom staff, stating:

> I am requesting that any legal mail from a court or an attorney addressed to me is not opened outside of my presence pursuant to Sallier v. Brooks, 343 F.3d 868, 877 (6th Cir. 2003) ("In order to guard against the possibility of a chilling effect on a prisoner's exercise of his ... First Amendment rights and to protect the right to access to the courts,... mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who specifically requested otherwise.").

(*See* attached Ex. 1.)

12. On March 31, 2023, Adanma Coleman ("Officer Coleman"), a former ODRC employee of MCI's interior ("inside") mailroom and Mail Clerk/Screener responded to Fikes' March 30, 2023 request and urged him to "kite the warden or warden[']s assistant with [his] issue." (*See id.*)

13. On March 31, 2023, Fikes followed Officer Coleman's instructions by sending the same request via JPay to the warden's office that was sent to the mailroom on March 30, 2023. (*See* attached Ex. 2.)

14. On April 7, 2023, MCI's warden, Harold May, responded to Fikes' March 31, 2023 request that his legal mail from a court or an attorney is not opened outside of presence, stating in part: "All incarcerated population mail, other than Legal Mail, shall be opened, and may be

read, copied, and/or scanned in the institution mail room and inspected for … contraband." (*See id.*)

15. On May 2, 2023, Fikes initially filed a grievance via JPay regarding two pieces of legal mail from the Ohio Court of Claims that was opened and copied on April 28, 2023 outside of his presence after his "specific request to the warden's office for such legal mail not to be opened outside of [his] presence" and, "[t]herefore,… request[ed] to know the name of the correctional officer who opened and copied [his] legal mail, what [wa]s going to be done to ensure that it does not happen again, and to receive the original documents of legal mail that was copied." (*See* attached Ex. 3.)

16. Fikes' grievance was denied after MCI's mailroom supervisor, Lt. Baker responded on May 3, 2023, stating in part that: "ODRC only considers legal mail as mail that has a control number located on it … and if in fact there is … no control number then the mailroom personnel were correct in copying this mail as it is processed as regular mail." (Ex. 3.)

17. On May 4, 2023, Fikes sent a kite via JPay to MCI's mailroom "requesting to know the name of the correctional officer working in the mailroom who opened legal mail outside of [his] presence that was addressed to [him] from the [Ohio] Court of Claims, copied, and dated by the mailroom on April 28, 2023."

18. On May 10, 2023, Lt. Baker responded to Fikes' May 4, 2023 kite, stating that: "Legal mail has to have a control number located in it. If there is no control number, then your mail will be processed as regular mail. I will look into this issue and if in fact there is a control number then I will have [you] to come sign for it. Otherwise, if no such number exists then your mail will be copied and treated as regular mail."

19. On May 11, 2023, Lt. Baker called Fikes to his office and asked him, "what makes your legal mail so special and different from everyone else's?"

20. When Fikes told Lt. Baker that he has a First Amendment right and did not want his legal mail opened and read outside of his presence, and that his legal mail from the Ohio Court of Claims involved a civil complaint filed against Officer Smith for losing Fikes' legal mail on a prior occasion, Lt. Baker responded, stating that nothing can stop him from reading Fikes' legal mail even in Fikes' presence and he ultimately mentioned that "we are going to follow the policy." (*See* attached Ex. 4 (Lt. Baker acknowledging discussion).)

21. On May 12, 2023, stemming from the inquiry that followed upon Fikes being called to Lt. Baker's office on May 11, 2023, Fikes filed a second grievance pertaining to the two pieces of legal mail from the Ohio Court of Claims that was opened on April 28, 2023 and sought to demonstrate to Lt. Baker that his legal mail cannot be opened and read in an arbitrary and capricious fashion. (Ex. 4.)

22. In the May 12, 2023 grievance, Fikes further asserted his First Amendment right under *Sallier v. Brooks*, and raised his concern that his legal mail from the Ohio Court of Claims was likely opened and read in an arbitrary and capricious fashion because those items contained a civil lawsuit against ODRC for Officer Smith losing Fikes' legal mail on a prior occasion. (Ex. 4.)

23. On May 15, 2023, MCI's Institutional Inspector Vicki Radebaugh ("Ms. Radebaugh") denied Fikes' May 2, 2023 grievance, stating: "[M]aking a request to the Warden's office as to how you would like to receive your mail from outside agencies handled does not negate the Administrative Rules or ODRC policy and procedures." (Ex. 3, p. 2.)

24. On June 6, 2023, Ms. Radebaugh further denied Fikes' May 12, 2023 grievance, stating that "if an entity sending mail wants it to be delivered to the recipient as legal mail that agency has

a responsibility to obtain a control number[;] otherwise it will be handled as regular mail." (Ex. 4, p. 2.)

25. On October 24, 2023, Lt. Baker called Fikes to his office again but in regards to several pieces of legal mail from various dates that did not have a control number and had been opened outside of his presence.

26. During the October 24, 2023 colloquy, upon being asked by Lt. Baker whether or not he had a lawsuit pending about legal mail, Fikes replied "no" and reiterated his First Amendment right based on his March 31, 2023 request to the warden's office and that his legal mail could easily be opened in his presence, copied, and given to him with the original being destroyed through a shredder.

27. In response to Fikes' reiteration of his First Amendment right and assertion as to how his legal mail could be handled, Lt. Baker stated, "you expect me to open every inmate's legal mail in their presence because they make a request to the warden's office?" When Fikes replied "not every inmate's legal mail, just mines," Lt. Baker told Fikes "goodbye" and dismissed Fikes from his office.

28. Also, on November 24, 2023, while present in Lt. Baker's office to obtain a copy of a kite disclosing a November 17, 2024 conversation with a former mailroom employee, Lt. Baker told Fikes that he knew and understood what Fikes was doing by keeping a record, that he told his staff that as long as they follow the ODRC policy they had nothing to worry about, lawsuits are a part of the job, and that he was curious to see how Fikes' lawsuit will turnout.

29. On April 21, 2024, Fikes sought to inform Officer Osborn, via Viapath, that she was present on four occasions processing inmate incoming mail when his legal mail was open outside of his presence, stating:

> I am seeking to inform M[ichelle] Osborn of the exterior mailroom that she is not permitted to continue to open my legal mail from a court or an attorney outside of my presence pursuant to *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003), even though it does not have a control number due to the request I made to the mailroom and warden's office in March 2023. Being initially instructed by a supervisor to open my legal mail (that does not have a control number) outside of my presence may relieve you of liability. In any case, the opening of my legal mail outside of my presence is a violation of my First Amendment rights. So far you have been present in the exterior mailroom processing mail on the dates of April 4, 2024, April 9, 2024, and April 11, 2024 when four pieces of my legal mail was opened outside of my presence.

30. On April 22, 2024, upon picking up legal mail with a control number, Fikes made a note to the mailroom via Viapath of his encounter with Officer Osborn, stating:

> Today, between approximately 9:00 to 9:25am, I received legal mail that I signed for through the window of the interior mailroom that was ha[nd]-delivered … by M[ichelle] Osborn, while A[danma] Coleman was present. During that time, I sought to inform Ms. Osborn of the pending civil rights lawsuit pending in [this Court], and mentioned that my legal mail (without a control number) cannot be opened outside of my presence. In response, Ms. Osborn said that she was told to open my legal mail, indicated that she was aware of the lawsuit, and asked whether I intend to put her in it. When I informed Ms. Osborn that I have to include her in the lawsuit, she replied stating that she did not care because she retires in four years and could retire now if she wanted to do so.

31. That same day, Lt. Baker replied, stating that, "Mrs. Osborn is processing the mail according to the mail room policy" and that "[t]he policy was not violated when your mail was processed."

32. On April 25, 2024, via Viapath, a memo was sent to Fikes' assigned tablet stating in part:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center … and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)

> **Legal mail**, business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process.**
>
> …After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.
>
> This information is also available at drc.ohio.gov and with venders who partner with ODRC.
>
> …
>
> YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

33. On April 26, 2024, Officer Smith responded to Fikes' April 21, 2024 kite regarding Officer Osborn's unconstitutional conduct, stating: "We will all continue to follow policy and procedures."

34. On March 8, 2025, Fikes filed another grievance regarding his legal mail that was opened and copied on February 24, 2025 from the United States District Court for the Southern District of Ohio, which advised MCI that a federal judge from this Court has already warned the mailroom staff in a prior lawsuit that the illegal opening of his legal mail was a serious matter. (*See* attached Ex. 5)

35. On March 17, 2025, Captain Scott of MCI responded, stating: "Your complaint has been reviewed and staff give been interviewed. This mail did not require a control number due to not having a seal from the court. Due to the mail not having this seal, it could not be treated as legal mail." (*See id.*)

36. On March 21, 2025, upon learning that, in Officer Osborn's absence, Officer Sidle was working in the outside mailroom with Officer Smith, Fikes sent a kite to Officer Sidle, stating in part:

> You have been present working in the exterior mailroom processing mail on the dates of February 14, February 21, and February 24, 2025, according to the recent Employee Visit Records of the Exterior Mailroom that I received as public records. On those particular dates, my legal mail was opened outside of my presence, which were actions that violates my First Amendment rights. There has been a civil rights lawsuit file[d] regarding this matter that you are likely aware of....
>
> Unless Officer Smith admits on the record that he has been and will be the only person processing my legal mail when working with you in the exterior mailroom since February 14, 2025, I will have no choice but to include you into the lawsuit for violations of my First Amendment rights.

37. On March 25, 2025, Officer Sidle responded to Fikes' March 21, 2025 kite, stating: "I appreciate you informing me of this matter. Thanks!"

38. On April 1, 2025, upon escalating his March 8, 2025 grievance to MCI's Institutional Inspector, Inspector Baldwin responded, stating in part:

> It is determined there is insufficient evidence to support your claim of a violation of policy. The mail in question was from the District Court and did not have a control number. After reviewing this process, mail from this District Court is to be processed as legal mail if it contains the designated seal from the courts. This seal was not present in this mail that was addressed to you which therefore does not require a Control Number and would have been considered Legal Mail as per ODRC policy.

(*See id.*)

39. On April 2, 2025, Fikes appealed Inspector Baldwin's denial of his March 8, 2025 grievance to the Chief Inspector, who affirmed Inspector Baldwin's decision on April 22, 2025. (*See id.*)

40. In the prior civil rights action against Officer Smith, Officer Osborn, and Lt.. Baker, the United States District Court for the Northern District of Ohio, Western Division ("this Court"), dismissed multiple claims of legal mail interference with prejudice, but urged the Attorney General's Office to take corrective action to no avail, stating as follows:

> I will note, however, that the allegations that the Plaintiff makes in his complaint about prison staff's illegal opening of a prisoner's legal mail, if true, are serious.
>
> I therefore request that the Office of the Attorney General undertake a review into such allegations, as it deems may be appropriate. If the Attorney General finds that such opening of legal mail has occurred, or that guidance or correction is needed, I expect that Office will take the appropriate steps to ensure that neither questions nor misconduct in that regard arise further.
>
> Simply put: when doubts arise, as I know they can, about the legitimacy of matters denominated as legal mail, the authorities should take steps to the extent feasible before opening such mail to ensure that the contents are or are not legal in nature.
>
> For now, it is sufficient in this case that I make such request -- which is all that this is; it is not an order -- in the interest of avoiding further problems relative to the proper handling of legal mail in the future....

*Fikes v. Smith*, No. 3:24-cv-00405, 2024 U.S. Dist. Lexis 192463, *4 (N.D. Ohio Oct. 18, 2024).

41. The Court further held that the dismissal of Fikes' prior complaint was "without prejudice to the Plaintiff's right in the future, where sufficient cause appears to exist, to file, upon prepayment of the requisite filing fee, a complaint relating to such future conduct, should it arise[.]" *See id.* at *5.

42. Even after Fikes' initial complaint was dismissed with prejudice, Defendants Officer Smith and Officer Osborn, including the additional mailroom staff such as Officer Sidle and Officer Cranmer, engaged in continual unlawful acts of opening and coping multiple pieces of Fikes' legal mail outside of his presence after the date of his specific request for his legal mail from a court or an attorney not be opened outside of his presence pursuant to *Sallier v. Brooks*.

43. On the multiple different dates that Officer Smith, Officer Osborn, Officer Sidle, and Officer Cranmer, opened and copied Fikes' legal mail outside of his presence, thereafter he requested that each piece of original legal mail, including the envelope be mailed to Attorney Ronald J. Kozar ("Attorney Kozar") of Dayton, Ohio.

44. Subsequently, Fikes made public records requests pursuant to Ohio Revised Code ("R.C.") 149.43 to Kasey Plank ("Ms. Plank"), Kathy Hamilton ("Ms. Hamilton"), and Michelle Curry ("Ms. Curry"), the Warden's Assistants and records custodians of MCI, which they provided MCI records and schedules disclosing the names of the Mail Clerk/Screeners working in the inside or outside mailrooms who were responsible for opening his legal mail outside of his presence.

45. Two specific public records requests made by Fikes to Ms. Plank in May and August 2023 led to the discovery that Officer Smith was given a "Notice of Written Reprimand" in February 2023 for mishandling legal mail and regular mail in December 2022 on two occasions, one of which was reported by Officer Coleman in an "Incident Report."

46. Officer Coleman's "Incident Report" noted a specific incident date of December 2, 2022 and states that:

> On the above date and time when training secretary Bauer in the outside mail room the following items were found that were not processed. There w[ere] four retirement checks for offenders post marked back to November 11th, and the 14th that was not sent in to be processed. There was over 60 letters from the courts post marked back to the beginning of November that had not been processed. I also found three legal letters with control numbers on them post marked 11/14/2022 (2) and 11/22/2022 that had not been sent in to be processed. When training Bauer[,] I found that most of the mail that is out there has been sitting since last month and not processed in order when it was brought into the institution. Be advised upon checking mail that had been processed most was junk mail or mail that should have been processed after mail from the courts and mail that was sent from the offender[']s family. EOR AC

47. The following "Notice of Written Reprimand" issued by MCI's warden to Officer Smith in February 2023 states that:

> On 12/2/2022 you did not process mail in the correct order, on 12/13/2022 you threw mail in the trash after you were directed by a supervisor to return it to the post office.
>
> In violation of SOEC Rule 7 and 8

> 7. Failure to follow post orders, administrative regulations, policies, or written or verbal directives.
>
> 8. Failure to carry out a work assignment or the exercise of poor judgment[.]
>
> In accordance, I am issuing you this Written Reprimand, a copy of which will be placed in your employee file.

48. Fikes' public records requests made to Ms. Curry also led to her to provide him the Employee Visit Records of the outside mailroom on the days that Fikes' legal mail was opened outside of his presence.

49. Furthermore, Fikes received the employee time-cards of Officer Smith and Officer Osborn from public records requests he made to Ms. Curry that reveals the dates that they were working in the outside mailroom when Fikes' legal mail was opened and copied outside of his presence.

50. For the deprivation of his First Amendment rights, Fikes demands a jury trial, as he is seeking separate awards of $5,000 (five thousand dollars) in compensatory and punitive damages for each piece of legal mail that Officer Smith, Officer Osborn, Officer Sidle, and Officer Cranmer, opened and copied outside of his presence.

**PREVIOUS LAWSUITS**

51. As stated above, Fikes has filed a prior civil rights lawsuit in this Court that was dismissed with prejudice on October 18, 2024, case No. 3:24-cv-405, which involves similar facts that are not barred pursuant to the Court's order. *See id.*

52. As it relates to his imprisonment from his criminal convictions in the state court, Fikes did file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 against the warden of the Warren Correctional Institution on January 15, 2010. *See Fikes v. Warden, Warren Corr. Inst.*, No. 1:10-cv-021, 2011 U.S. Dist. Lexis 152994, *19 (S.D. Ohio, May 16, 2011).

53. Fikes' habeas petition was assigned to the late Senior United States District Judge, S. Arthur Spiegel who denied his petition with prejudice on February 8, 2012. *See Fikes v. Warden, Warren Corr. Inst.*, No. 1:10-cv-00021, 2012 U.S. Dist. Lexis 15589, *13 (S.D. Ohio, Feb. 8, 2012).

**FIRST CAUSE OF ACTION**

54. On October 22, 2024, Officer Smith and/or Officer Osborn opened and copied outside of Fikes' presence a piece of legal mail addressed to him from this Court that he received as regular mail on October 22, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (Exs. 1 and 2.)

55. The piece of legal mail opened by Officer Smith and/or Officer Osborn arrived to MCI in an envelope bearing the name and return-address of this Court, the words "official Business," and contained an "Order" and October 18, 2024 "Judgment Entry," case No. 3:24-cv-405 (Docs. 25, 26).

56. The envelope of the legal mail containing the "Order" and "Judgment Entry" also bore a date-stamp of October 22, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

57. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from this Court that was opened and copied on October 22, 2024.

58. Officer Smith and Officer Osborn works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on October 22, 2024 before it entered the facility.

59. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Osborn was present and/or scheduled to work on October 22, 2024 when the piece of Fikes' legal mail was opened and copied outside of his presence.

60. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith and/or Officer Osborn opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center … and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)
>
> **Legal mail**, business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process.**
>
> …After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.
>
> This information is also available at drc.ohio.gov and with venders who partner with ODRC.
>
> …
>
> YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

61. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the piece of legal mail from this Court that was opened on October 22, 2024 outside of his presence in violation of his First Amendment rights.

## SECOND CAUSE OF ACTION

62. On October 31, 2024, Officer Smith and/or Officer Osborn opened and copied outside of Fikes' presence two pieces of legal mail addressed to him from this Court and the United States Court of Appeals that he received as regular mail on October 31, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (Exs. 1 and 2.)

63. One of the two pieces of legal mail opened by Officer Smith and/or Officer Osborn arrived to MCI in an envelope bearing the name and return-address of this Court, and contained a file-stamped cover page of Fikes' Motion to Strike and a "Civil Docket" sheet, case No. 3:24-cv-405 (Doc. 27).

64. The other piece of legal mail opened by Officer Smith and/or Officer Osborn arrived to MCI in an envelope bearing the name and return-address of the United States Court of Appeals, the words "Official Business" and "Penalty for Private Use, $300," and contained a "Confidential...Financial Affidavit," case No. 12-3274, that was presented to this Court in case No. 3:24-cv-405 (Doc. 30).

65. The envelope of the pieces of legal mail from this Court and the United States Court of Appeals also bore a date-stamp of October 31, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

66. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from this Court and the United States Court of Appeals that was opened and copied on October 31, 2024.

67. Officer Smith and Officer Osborn works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on October 31, 2024 before it entered the facility.

68. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Osborn was present and/or scheduled to work on October 31, 2024 when the two pieces of Fikes' legal mail was opened and copied outside of his presence.

69. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith and/or Officer Osborn opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center … and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)
>
> **Legal mail**, business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process.**
>
> …After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.
>
> This information is also available at drc.ohio.gov and with venders who partner with ODRC.
>
> …
>
> YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

70. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $10,000 (ten thousand dollars), which is $5,000 (five thousand dollars) for each of the pieces of legal mail from this Court and the United States Court of Appeals that was opened on October 31, 2024 outside of his presence in violation of his First Amendment rights.

## THIRD CAUSE OF ACTION

71. On November 4, 2024, Officer Smith and/or Officer Osborn opened and copied outside of Fikes' presence a piece of legal mail addressed to him from this Court that he received as regular mail on November 4, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (Exs. 1 and 2.)

72. The piece of legal mail opened by Officer Smith and/or Officer Osborn arrived to MCI in an envelope bearing the name and return-address of this Court, the words "Official Business," and contained its October 18 Order and Marginal Order, case No. 3:24-cv-405 (Docs. 25, 28).

73. The envelope of the legal mail containing the October 18 Order (Doc. 25) and Marginal Order (Doc. 28) also bore a date-stamp of November 4, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

74. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from this Court that was opened and copied on November 4, 2024.

75. Officer Smith and Officer Osborn works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on November 4, 2024 before it entered the facility.

76. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Osborn was present and/or scheduled to work on November 4, 2024 when the piece of Fikes' legal mail was opened and copied outside of his presence.

77. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith and/or Officer Osborn opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center … and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)
>
> **Legal mail**, business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process.**
>
> …After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.
>
> This information is also available at drc.ohio.gov and with venders who partner with ODRC.
>
> …
>
> YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

78. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the piece of legal mail from this Court that was opened on November 4, 2024 outside of his presence in violation of his First Amendment rights.

**FOURTH CAUSE OF ACTION**

79. On November 7, 2024, Officer Smith and/or Officer Osborn opened and copied outside of Fikes' presence a piece of outgoing legal mail addressed to Donald R. Caster, Attorney at Law, that was returned to sender and he received as regular mail on November 7, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail not be opened outside of his presence. (Exs. 1 and 2.)

80. The piece of outgoing legal mail was mailed out on September 25, 2024 and later opened by Officer Smith and/or Officer Osborn once it arrived back to MCI in an envelope bearing the name and return-address of Fikes, but addressed to Donald R. Caster, Attorney at Law, marked "Legal Mail" with a "Return to Sender" sticker of the U.S. Postal Service, and contained a handwritten letter dated September 25, 2024 seeking representation, including an "Affidavit of Joshua Fikes" with attachments.

81. The envelope of the outgoing legal mail addressed to Donald R. Caster containing the letter dated September 25, 2024, *inter alia*, also bore a date-stamp of November 7, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

82. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original outgoing legal mail addressed to Donald R. Caster, Attorney at Law, that was opened and copied on November 7, 2024.

83. Officer Smith and Officer Osborn works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on November 7, 2024 before it entered the facility

84. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Osborn was present and/or scheduled to work on

November 7, 2024 when the piece of Fikes' legal mail was opened and copied outside of his presence.

85. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith and/or Officer Osborn opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center … and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)
>
> **Legal mail**, business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process.**
>
> …After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.
>
> This information is also available at drc.ohio.gov and with venders who partner with ODRC.
>
> …
>
> YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

86. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the piece of legal mail addressed to Donald R. Caster, Attorney at Law, that was opened on November 7, 2024 outside of his presence in violation of his First Amendment rights.

## FIFTH CAUSE OF ACTION

87. On November 12, 2024, Officer Smith and/or Officer Osborn opened and copied outside of Fikes' presence a piece of legal mail addressed to him from this Court that he received as regular mail on November 12, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (Exs. 1 and 2.)

88. The piece of legal mail opened by Officer Smith and/or Officer Osborn arrived to MCI in an envelope bearing the name and return-address of this Court, and contained a file-stamped cover page of Fikes' "Motion to Alter or Amend Judgment," case No. 3:24-cv-405 (Doc. 29).

89. The envelope of the legal mail containing the "Motion to Alter or Amend Judgment" also bore a date-stamp of November 12, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

90. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from this Court that was opened and copied on November 12, 2024.

91. Officer Smith and Officer Osborn works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on November 12, 2024 before it entered the facility.

92. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Osborn was present and/or scheduled to work on November 12, 2024 when the piece of Fikes' legal mail was opened and copied outside of his presence.

93. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith and/or Officer Osborn opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center … and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)
>
> **Legal mail**, business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process.**
>
> …After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.
> This information is also available at drc.ohio.gov and with venders who partner with ODRC.
>
> …
>
> YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

94. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the piece of legal mail from this Court that was opened on November 12, 2024 outside of his presence in violation of his First Amendment rights.

## SIXTH CAUSE OF ACTION

95. On November 25, 2024, Officer Smith and/or Officer Osborn opened and copied outside of Fikes' presence a piece of legal mail addressed to him from this Court that he received as regular mail on November 25, 2024 in blatant disregard of his request in March 2023 to MCI's

mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (Exs. 1 and 2.)

96. The piece of legal mail opened by Officer Smith and/or Officer Osborn arrived to MCI in an envelope bearing the name and return-address of this Court, the words "Official Business," and contained an "Order" rendered on November 19, 2024, case No. 3:24-cv-405 (Doc. 31).

97. The envelope of the legal mail containing the November 19 "Order" (Doc. 31) also bore a date-stamp of November 25, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

98. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from this Court that was opened and copied on November 25, 2024.

99. Officer Smith and Officer Osborn works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on November 25, 2024 before it entered the facility.

100. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Osborn was present and/or scheduled to work on November 25, 2024 when the piece of Fikes' legal mail was opened and copied outside of his presence.

101. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith and/or Officer Osborn opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center ... and will no longer be received directly at the facility

where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.

- Marion Correctional Institution (MCI)
- Madison Correctional Institution (MaCI)
- Pickaway Correctional Institution (PCI)

**Legal mail, business mail, packages, and magazines will still be mailed directly to the facility and will not be affected by this new process.**

...After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.

This information is also available at drc.ohio.gov and with venders who partner with ODRC.

...

YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

102. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the piece of legal mail from this Court that was opened on November 25, 2024 outside of his presence in violation of his First Amendment rights.

**SEVENTH CAUSE OF ACTION**

103. On November 29, 2024, Officer Smith opened and copied outside of Fikes' presence two pieces of legal mail addressed to him from Attorney Kozar and this Court that he received as regular mail on November 29, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (Exs. 1 and 2.)

104. One of the two pieces of legal mail opened by Officer Smith arrived to MCI in an envelope bearing the name and return-address of Attorney Kozar, the words "Attorney at Law"

and "Confidential," and contained a letter dated November 23, 2024 regarding representing Fikes in the U.S. Sixth Circuit Court of Appeals and legal advice.

105. The other piece of legal mail opened by Officer Smith arrived to MCI in envelope bearing the name and return-address of this Court, and contained two "Notice of Electronic Filing" documents for a "Motion to stay and toll statute of limitations" and "Notice of Appeal to the Sixth Circuit Court of Appeals," case No. 3:34-cv-00405-JGC (Docs. 32-33), which included a file-stamped "Notice of Appeal," file-stamped cover page of the "Motion to Stay and Toll Statute of Limitations," and a docket sheet disclosing the filings on November 25, 2024.

106. The envelopes of the two pieces of legal mail containing the letter dated November 23, 2024 from Attorney Kozar and the "Notice of Electronic Filing" documents, including the "Notice of Appeal," cover page of the "Motion to Stay and Toll Statute of Limitations," and docket sheet from this Court also bore a date-stamp of November 29, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

107. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from him and this Court that was opened and copied on November 29, 2024.

108. Officer Smith works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where he was responsible for processing the incoming mail on November 29, 2024 before it entered the facility.

109. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith was present and/or scheduled to work on November 29, 2024 when the two pieces of Fikes' legal mail was opened and copied outside of his presence.

110. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating in part:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center … and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)
>
> **Legal mail**, business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process....**

111. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for each of the two pieces of legal mail from Attorney Kozar and this Court that was opened on November 29, 2024 outside of his presence in violation of his First Amendment rights, totaling an award of $10,000.

## EIGHTH CAUSE OF ACTION

112. On December 27, 2024, Officer Smith and/or Officer Osborn opened and copied outside of Fikes' presence a piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on December 27, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (Exs. 1 and 2.)

113. The piece of legal mail opened by Officer Smith and/or Officer Osborn arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained a "Cost Bill for Case Number 2023-00314AD."

114. The envelope of the legal mail containing the "Cost Bill for Case Number 2023-00314AD" also bore a date-stamp of December 27, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

115. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the Ohio Court of Claims that was opened and copied on December 27, 2024.

116. Officer Smith and Officer Osborn works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on December 27, 2024 before it entered the facility.

117. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Osborn was present and/or scheduled to work on December 27, 2024 when the piece of Fikes' legal mail was opened and copied outside of his presence.

118. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith and/or Officer Osborn opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center ... and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)
>
> **Legal mail**, business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process.**

> ...After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.
>
> This information is also available at drc.ohio.gov and with venders who partner with ODRC.
>
> ...
>
> YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

119. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the piece of legal mail from the Ohio Court of Claims that was opened on December 27, 2024 outside of his presence in violation of his First Amendment rights.

## NINTH CAUSE OF ACTION

120. On January 29, 2025, Officer Smith opened and copied outside of Fikes' presence a piece of legal mail addressed to him from this Court that he received as regular mail on January 29, 2025 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (Exs. 1 and 2.)

121. The piece of legal mail opened by Officer Smith arrived to MCI in an envelope bearing the name and return-address of this Court, the words "Official Business," and contained a "Notice of Electronic Filing" that was "filed on 1/23/2025[.]"

122. The envelope of the legal mail containing the "Notice of Electronic Filing" also bore a date-stamp of January 29, 2025 indicating MCI's date of receipt and/or delivery to Fikes.

123. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from this Court that was opened and copied on January 29, 2025.

124. Officer Smith works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(B)(2), as a Mail Clerk/Screener where he was responsible for processing the incoming mail on January 29, 2025 before it entered the facility.

125. MCI's records Ms. Curry provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith was present and/or scheduled to work on January 29, 2025 when the piece of Fikes' legal mail was opened and copied outside of his presence.

126. ODRC's new incoming mail policy and procedure, according to MCI's April 25, 2024 memo sent to Fikes' assigned tablet, recognizes that Officer Smith opened Fikes' legal mail outside of his presence because it directs non-legal mail to be sent to ODRC Mail Processing Center, stating:

> Effective May 1, 2024, all letters and cards from family and friends for incarcerated persons located at the listed facilities must be mailed to the ODRC Mail Processing Center … and will no longer be received directly at the facility where you reside. Letters and cards will be scanned and e-mailed to you directly on your ViaPath tablet. These will remain available to review at a later date.
>
> - Marion Correctional Institution (MCI)
> - Madison Correctional Institution (MaCI)
> - Pickaway Correctional Institution (PCI)
>
> **Legal mail,** business mail, packages, and magazines **will still be mailed directly to the facility and will not be affected by this new process.**
>
> …After May 1, 2024, any regular U.S. mail that is received at your facility will be forwarded to the mailing processing center and will create a delay in processing the mail.
>
> This information is also available at drc.ohio.gov and with venders who partner with ODRC.

. . .

YOUR SCANNED MAIL IS LOCATED IN FACILITY MESSAGES UNDER FREE APPS

127. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the piece of legal mail from this Court that was opened on January 29, 2025 outside of his presence in violation of his First Amendment rights.

128. **WHEREFORE**, Fikes demands a judgment against Officer Smith, Officer Osborn, Officer Sidle, Officer Cranmer, and Lt. Baker, individually or collectively, for compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for each of the 84 pieces of legal mail opened outside of his presence in violation of his First Amendment rights, which is an award of $420,000 (four hundred fifteen thousand dollars).

Date signed: 8-22-2026.

Joshua Fikes
Joshua Fikes

**PROOF OF SERVICE**

In accordance with 28 U.S.C. § 1746, I, Joshua Fikes, declare under the penalty of perjury that this document was placed inside the prison's mailbox to be mailed to a family member to forward it to this Court with the filing fee on this 22nd day of August, 2026.

Joshua Fikes
Joshua Fikes